# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Xavier R. Davis, II,                )   Case No. 1:23-cv-348 Erie
                                     )
            Plaintiff                )
                                     )
    v.                               )   RICHARD A. LANZILLO
                                     )   Chief United States Magistrate Judge
UNKNOWN,                             )
                                     )
            Defendant                )   ORDER
                                     )

On December 6, 2023, the Clerk received an Order from the United States District Court for the Eastern District of Virginia transferring this civil action to this District. *See* ECF No. 4. A review of the docket indicates that the Eastern District of Virginia received a letter from Plaintiff Xavier R. Davis on December 4, 2023, complaining of threats, retaliation, and mistreatment occurring at his current place of incarceration at FCI McKean. ECF No. 1-2. Although the letter was filed under the case number of an existing case pending in that District, the Court noted that the letter complained of new conduct occurring at a different institution and construed the letter as an attempt to file a new civil complaint. ECF No. 1. Consequently, the Court directed the Clerk to open a new civil action, *see id.*, and transfer the matter to this District for further proceedings, *see* ECF No. 4.

After reviewing Plaintiff's submission at ECF No. 2, it is unclear to the Court whether Plaintiff intended to initiate a new civil action. His "complaint" is in the form of a letter that does not name any Defendants and was not accompanied by either the statutory filing fee or a properly

supported motion for leave to proceed *in forma pauperis*.  Without clarification, this action cannot proceed any further.

If Plaintiff wishes to proceed with this action, he must file an Amended Complaint that contains sufficient factual detail to satisfy Rule 8 of the Federal Rules of Civil Procedure.  In practical terms, this means that Plaintiff must identify the rights under the Constitution, laws, or treaties of the United States that have been violated, name and identify the individual officials responsible for those alleged violations, and provide specific details as to how **each individual** was involved in the deprivation of his civil rights.  Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983.   Rather, Plaintiff should be as specific as possible about the particulars of the event and how the alleged misconduct resulted in a violation or denial of the civil right at issue.  This description should include references to relevant **dates, times, and locations**, and should explain to the Court **how** each defendant's behavior, action, or inaction contributed to the alleged violation. Plaintiff should also explain what he is seeking by way of relief.

Should Plaintiff elect to file an Amended Complaint, he must also either: (i) tender to the "Clerk, U.S. District Court," a statutory filing fee in the amount of $350.00, plus an administrative filing fee in the amount of $55.00, for a total of $405.00 or (ii) submit a motion to proceed in forma pauperis accompanied by "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a)(1), and "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice

of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Should Plaintiff fail to file an amended complaint adhering to the standards set forth above within the allotted timeframe, the Court may recommend that this action be dismissed for failure to prosecute.

Consistent with the foregoing instructions, the Clerk is directed to mark this case administratively closed, without filing the complaint or assessing a filing fee.[1] Plaintiff, if he wishes to pursue this action, must file an Amended Complaint and pay the statutory filing fee or seek leave to proceed in forma pauperis on or before **January 9, 2024**. Alternatively, if Plaintiff did not intend to initiate a new civil action, he may notify the Court on or before the same date and he will not be charged a filing fee.

_____
RICHARD A. LANZILLO
Chief United States Magistrate Judge

Dated: 12/12/2023

---

[1]     Such an administrative termination is not a "dismissal." Rather, it is an "administrative convenience" that permits the Court to remove the case from its active calendar until such time as it is ripe for reactivation or adjudication. *Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004) (endorsing the judicious use of administrative closures) (quoting source omitted). Because an administration termination "has no legal significance beyond removing the case from [the court's] active docket," it does not prejudice the substantive rights of the parties. *Massey v. Pfeifer*, 2017 WL 6729366, at *1 (W.D. Pa. Oct. 27, 2017). However, failure to comply with this order within a reasonable time may result in a recommendation that this matter be dismissed for failure to prosecute.